EMELINE CHAPLIN, Appellant, v. KANSAS CITY et al.

### Division One, June 30, 1914.

1. CITIES: Parkways: Condemnation: Alleys. Under the charter of Kansas City, Sec. 5 of Art. 10, the park commissioners have the power to select and designate lands for a system of "parks, parkways and boulevards," and to select routes and streets for boulevards, and by and with the approval and authority of the city council, to lease, purchase, condemn or otherwise acquire land for parks, parkways, boulevards, etc. Held, that the park commissioners have the right to take an alley for a parkway.

2. ———: ———: ———: Subsequent Holders. Under the charter of Kansas City parties claiming or holding through or under those who owned property at the time of its taking for parkways and boulevards, are bound by the proceedings.

3. ———: ———: ———: ———: Rights of Abutting Owners. Under its power of eminent domain a municipality may condemn a public alley for a parkway, the public easement being already in the city the interest of the owners of abutting property being private property and thus subject to condemnation.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*H. S. Julian* for appellant.

(1) Injunction lies. "An abutting property owner has the same right to the use of the street that rests in other property owners and the public at large. Be-

sides this, he has the right of access to and from his lot, which right is special to him. It is an easement appurtenant to his real estate abutting on the street. It is private property as much as the lot itself and cannot be destroyed or impaired for public use, save by the payment of compensation therefor." Knapp v. Transfer Co., 126 Mo. 35; Dubach v. Railroad, 89 Mo. 483; Dry Goods Co. v. Railway, 41 Mo. App. 63; Lakenan v. Railroad, 36 Mo. App. 363; Sheedy v. Brick Works, 25 Mo. App. 529. (2) Powers of city. Neither the city nor the State can take away or seriously impair or place a new or added burden or servitude upon a highway so as to take away or impair the right of the abutting property owner without awarding him such compensation as he is entitled to under the Constitution. Elliott on Roads and Streets (3 Ed.), secs. 823, 835, 882, 891 and 278; Cooley on Torts, 616; Stone v. Fairbury, 68 Ill. 394; Ross v. Thompson, 78 Ind. 90; Cummins v. Seymour, 79 Ind. 491. "The Legislature of the State could not authorize any other use of the property in question than that specified in the act of dedication." Cummings v. St. Louis, 90 Mo. 264. (3) Property dedicated for one public use cannot be condemned for another or different public use. Imlay v. Railroad, 26 Conn. 255; Williams Plank Road Co., 21 Mo. 582; Refining Co. v. Grain & Elevator Co., 82 Mo. 125; Reid v. Board of Education, 73 Mo. 295; Campbell v. Kansas City, 102 Mo. 326; California v. Howard, 78 Mo. 88; Hannibal v. Draper, 15 Mo. 634. (4) The right of access to a lot cannot be destroyed. Thurston v. St. Joseph, 51 Mo. 510; Knapp, Stout & Co. v. Transfer Co., 126 Mo. 26; State ex rel. v. Murphy, 134 Mo. 562; State ex rel. v. Railroad, 206 Mo. 262; Zimmerman v. Railroad, 154 Mo. App. 301; 10 Am. & Eng. Ency. Law, 1127.

*A. F. Evans, Jay M. Lee* and *A. F. Smith* for respondents.

(1) The use of the land, formerly in the alley, for boulevard purposes, is not inconsistent with the uses and purposes for which it was originally dedicated as an alley; no new burdens are added, and no old rights are taken away. The original dedication as an alley carried with it the right in the city to devote the land in the alley to such additional uses, not inconsistent with the original use, as new deeds demand. (2) Even if the new uses, for a boulevard, were not such as could have been applied to the alley under the original dedication, nevertheless all private rights and easements in the alley were condemned by the condemnation proceedings, to which appellant's grantor was a party. Appellant's grantor, and appellant claiming through her, are concluded by the verdict. (3) And as all private rights in the alley, if any, were condemned in the proceedings, only the owner of the rights taken, appellant's grantor, by timely action, could complain that she was not given just compensation therefor. The effect of the judgment cannot be attacked collaterally by a stranger. (4) Appellant fails to show any ground for equitable interference, either in her petition or in her evidence. (5) Summarizing appellant's arguments and citations of law, none of them apply to the conditions of the case at bar. (a) The use of the land, formerly in the alley, for boulevard purposes, is not inconsistent with the uses and purposes for which it was originally dedicated as an alley; no new burdens are added, and no old rights are taken away. The original dedication as an alley carried with it the right in the city to devote the land in the alley to such additional uses, not inconsistent with the original use, as new needs demand. Bailey v. Culver, 12 Mo. App. 175; Kalteyer v. Sullivan, 18 Tex. Civ. App. 488; Hodges v. Chambers, 171 Mo. App. 563;

Lewis on Eminent Domain (3 Ed.), sec. 220; Fagan v. Chicago, 84 Ill. 227; 5 Current Law, p. 1669; Elliott on Roads & Streets (2 Ed.), sec. 698; Bldg. Assn. v. Telephone Co., 88 Mo. 258; St. Louis v. Railroad Assn., 211 Mo. 364; Burns v. St. Joseph, 91 Mo. App. 489. (b) Even if the new uses, for a boulevard, were not such as could have been applied to the alley under the original dedication, nevertheless all private rights and easements in the alley were condemned by the condemnation proceedings, to which appellant's grantor was a party. Appellant's grantor, and appellant claiming through her, are concluded by the verdict.

BROWN, C.—This suit is to enjoin the construction of an artificial stone sidewalk six feet wide in an alley, the north line of which forms the southeastern boundary of plaintiff's lot for a distance of 76.45 feet northeasterly from the line of Hamilton street in that part of Kansas City which was formerly Westport. This sidewalk is a part of an improvement called a "parkway," connected with the park and boulevard system of Kansas City. The plaintiff's land fronts southwesterly 111 feet on Hamilton street, which extends in a southeasterly and northwesterly direction. From the northwest corner at Hamilton street the northern boundary extends due east 120 feet to the west side of Baltimore avenue as widened; thence south 53.47 feet to the northwest line of the alley already mentioned; thence southwesterly along the northwest line of the alley to the northeast line of Hamilton street. Originally it extended 49.51 feet farther east, but in condemnation proceedings to widen Baltimore street as a part of this same parkway plan, the eastern end to the extent stated was appropriated.

The defendants are the city of Kansas City, the Missouri Sidewalk and Construction Company, the contractors for the work sought to be enjoined, and D. J

Haff, Henry D. Ashley and John W. Wagner, the members of the board of park commissioners.

The petition states that this land was platted by the proprietor, as a part of Westport, in 1835, the alley twelve feet wide being dedicated on this plat; that it has never been vacated, and is now included in Kansas City, and has been converted into the park system of that city under ordinance number 39145 entitled "an ordinance to open and establish a public parkway in Westport district," passed and approved March 30, 1908; the construction company is about to construct the sidewalk under an ordinance of the city approved September 13, 1910, and also to construct artificial stone curbing along the alley at the same place; and that the city and its board of park commissioners will issue tax bills for all said construction and thus cloud the plaintiff's title.

The petition contains no statement as to other damage, nor does it mention the effect the work will have upon the value of plaintiff's lot. In fact, the appellant, at the trial, successfully resisted the introduction of evidence on that issue. The prayer is that "the defendants and each of them, and their agents and servants, be enjoined and prohibited from building artificial stone sidewalks or artificial stone curbing in, along and over said alleyways," and for general relief.

The defendants answered admitting that they were about to convert the alley in question into park property and that artificial stone sidewalks would be laid upon it, but claimed that the fee in the alley had been condemned under ordinance No. 39145 and had become vested in Kansas City for park purposes and divested out of plaintiff and her grantor, and asserting that they had the right, power, and authority to go ahead and convert the alley into grass plots and sidewalks and flower beds as they might see proper so to do.

Plaintiff replied admitting that the east 49.50 feet of her lot was taken under said condemnation proceedings under ordinance No. 39145, but denied that the city attempted to take said alleyway under those proceedings and alleged that the said alleyway was dedicated and devoted to a public purpose and that it was beyond the powers of Kansas City under its charter to take such alley for park purposes, and that under ordinance No.. 39145 it only attempted to take and only had the power to. take, and only did take private property, and that the city never attempted to condemn or take appellant's fee and easement in the alleyway.

Upon the trial ordinance No. 39145 was introduced. It provided "that a public parkway be, and the same is hereby opened and established in the Westport park district in Kansas City, Jackson county, Missouri, comprising and including the following described lands, situated in said Westport park district." Then followed a description of the land included in the parkway, which includes the alley already described, together with the strip 49.51 feet wide to be appropriated from the east end of the plaintiff's land to widen Baltimore avenue. After describing all the lands included in the proposed parkway it proceeds: "And all the private property within the boundary lines above described is hereby taken and condemned for public use as a part of said parkway, excepting the use and easement for railway purposes of the tract or tracts now occupied and used by the old Kansas City, Memphis & Mobile Railroad Company, now known as the Kansas City & Westport Belt Railway." The answer pleaded the appropriation and condemnation of all the land included in the ordinance. The character of the improvement contemplated on the front of the plaintiff's lot is an artificial stone sidewalk six feet in width lying four feet outside the property line, the intervening space being intended for

grass. Then comes a space ten feet wide for grass and trees. Only two feet of this comes within the limits of the twelve foot alley, the remainder extending over land appropriated for that purpose, to the curb line. Outside of this is the paved driveway of the road thirty feet wide.

Upon the trial the plaintiff's bill was dismissed and she took this appeal. She assigned errors as follows:

"1. The trial court erred in its verdict and findings, because they were against the facts.

"2. The court erred because its verdict and findings were against the law.

"3. The court erred because Kansas City had no power under its charter nor any powers granted it by statute to take an alley already dedicated to a public use and convert it into a park or any other public use.

"4. The court erred in holding that there was any evidence that the fee and easement of the appellant was taken in the condemnation proceedings, as the verdict of the jury and the ordinance No. 39145 and the instruction of the court all show that there was no attempt to take anything but private property.

"5. The court erred in holding that the condemnation proceedings divested title from appellant and her grantor to the fee that they owned to the middle of the alley and that estate was never attempted to be taken by the condemnation proceedings and it never was taken and there was no power in the city to have taken it except by vacating the alley and then condemning it.

"6. The court erred in finding for the respondents because it took appellant's property without due process of law and in violation of her rights under section 30, article 11 of the Constitution of Missouri, and also in violation of her rights under section 1 of article 14 of the Amendments to the Constitution of the United States, in that it attempts to take her property with-

out due process of law and also denies to her the equal protection of the laws, and denies her her day in court.''

Appellant does not question the regularity of the proceeding by which Kansas City attempted to include the alley upon which her premises abut in the parkway it was establishing, nor does she question its validity with respect to the condemnation of the east end of her own lot. Nor is it denied that the alley is included in the description by metes and bounds of the property that it had become ''necessary to take or damage'' for the purpose of the improvement. The appellant's lot that abuts on it was not included in the description, which clearly indicates that in the opinion of the common council the taking of the alley did not damage the lot. We must assume that she was of the same opinion; for she does not charge any such damage in her petition, and successfully resisted the introduction of any evidence on that subject when it was tendered by respondents, for the reason that ''it is not a condemnation proceeding.'' Appellant also carefully omits from the list of constitutional points upon which she assigns error the provision of the State Constitution (Art. 2, sec. 21) which provides ''that private property shall not be taken or damaged for public use without just compensation . . . paid to the owner or into court for the owner,'' before the property is disturbed or the proprietary rights of the owner therein divested; but includes the provision of section 30 of the same article, ''that no person shall be deprived of . . . property without due process of law.''

The appellant does say that by virtue of its ownership of the abutting lot, she owns the fee in a part of the alley and an easement in the whole, and claims, (1) that having already been appropriated to public use as an alley the charter of Kansas City gives the city no power to appropriate it for or devote it to the public use as a ''parkway;'' (2) that conceding the

power of the city in the premises, the record shows no attempt on the part of the city to appropriate or condemn this particular property in the alley for use as a parkway.

As to the first of the above propositions, the charter speaks with no uncertain voice. Section 5 of article 10 of the compilation of 1898 provides: "Said board of park commissioners shall have power, and it shall be its duty, to devise and adopt a system of public parks, parkways and boulevards, for the use of the city and its inhabitants, and to select and designate lands to be used and appropriated for such purposes, within or without the city limits, and to select routes and streets for boulevards, and to cause the same to be opened and widened as hereinafter set forth, and, by and with the approval and authority, by ordinance, of the common council, to lease, purchase, condemn or otherwise acquire, in the name of the city, land for parks, parkways, boulevards, or public squares." Section 6 provides: "Said board of park commissioners shall also have power to superintend, control and manage any and all parks, parkways and boulevards belonging to or under control of the city, and such other public grounds and thoroughfares as may, by ordinance of the common council, be placed under the control and management of said board, and to improve, adorn and regulate the same in such manner as it may deem best, and to establish the width of sidewalks on all boulevards and parkways." It will be seen that the board has power as full as the Legislature can confer to select *streets* for boulevards; to cause them to be opened and widened as set forth in the article, which includes the condemnation of private property; to control not only parks, parkways and boulevards, but other grounds and thoroughfares placed under its control by ordinances, and to improve, adorn and regulate them. Perhaps it is well enough

<div style="margin-left:2em">

*Parkways: Condemnation: Alleys.*

</div>

to say with reference to the language used to designate these improvements, that we see no difference in their application to such proceedings between a ''parkway'' and a ''boulevard,'' except that perhaps one of the features of the former may or may not be omitted in the latter.  Webster's International Dictionary defines the former to be ''a broad thoroughfare, beautified with trees and turf,'' and defines the latter to be ''a broad avenue in or around a city, especially one laid out with trees, belts of turf, etc.''  If any distinction is made in the charter or ordinances of Kansas City, our attention has not been directed to it.  In the title to the amendment to the charter under which this proceeding was had, the word· ''Boulevards'' is considered sufficiently expressive to cover them all.

It is admitted that the appellant's grantor was represented in the circuit court at the time of the assessment of damages under the ordinance number 39145 by which the condemnation of this property was instituted, that damages were awarded to her on account of the taking of the 49.5 feet off the east end of this tract, the remainder of which she afterwards conveyed to the appellant, and is the same land upon the ownership of which she founds this proceeding, and that the amount of the award was paid to her.  The charter provides (Sec. 11, art. 10)  that parties claiming  or  holding through or under the owners at the time of the taking effect of the ordinance shall be bound by the proceedings.

*Subsequent Holders.*

It also provides (Sec. 13, art. 10) that at the hearing the parties interested may submit evidence to the jury of freeholders, and such jury may examine personally each piece of property described on the map or plat, *and all property claimed to be damaged.*  The verdict must show (Sec. 16):  ''A correct description of each piece or parcel of private property taken, if any, and the value thereof, and of each piece or par-

cel of private property damaged, and the amount of injury thereto.''

The appellant in her petition founds her title to maintain this suit solely on the ownership of the lot abutting on the north side of this former alley. She claims, in effect, that her deed, bounding her lot on the north side of the alley, conveys to her the property rights in the alley which she is asserting here. If the conveyance had this effect, it is, of course, because her grantor came out of the condemnation proceeding with these same rights, and had them to convey. The claim is an assertion that these rights are appurtenant to the lot that does not include in its description the locality in which they exist. This being true their impairment or destruction would constitute an injury to the land, and fall upon the owner for the time being. It is evident, therefore, that this action must fail unless the proceeding to incorporate the alley in the parkway was void, and this is evidently the theory upon which it was instituted.

Rights of Abutting Owners.

The sovereign power of eminent domain vested in the Legislature applies to every species of property, being limited in its scope and exercise only by the written constitutions upon which our State governments are founded, and by which their powers are distributed, and by the Constitution of the United States, and the powers granted by it to the general government. Although the State may already have charged the same property with a public use or servitude, the remaining private interest is subject to appropriation for the same or any other public use. That it is "private property" within the strict as well as the ordinary meaning of those words goes without saying. In this case it included every private interest of the abutting property holder in the public easement to which the alley was dedicated, as well as all the interest and title in and to the soil which remained in the owner

and passed with the land after the dedication. Add to this the public easement to which it had been dedicated, and we have the land itself represented in respect to ownership by the fee. Had each—the State and the private proprietor—owned an undivided one half of the fee, their interest would not have been more definitely divided nor more perfectly united.

It follows from what we have said that the appropriation of this alley to the purposes indicated in the ordinance 39145 was within the power granted the city by its constitutional charter; that the proceeding for that purpose was regular in all respects, and included all private interests in the soil and public use of the alley, and that the judgment of the circuit court vesting all interests in the lands included in the ordinance in the city for a public parkway, was therefore valid and included any interest that the appellant's grantor had as an abutting property owner in either the title or public use of the alley.

Although, as we said in the beginning of this opinion, the appellant has not, in his pleadings, placed himself in position to enjoin this work because it would damage his abutting property, we will say that in our opinion section 13 of article 10 of the charter gives the right to the owner of any property damaged by the appropriation of the property described in the ordinance and shown on the map made in accordance therewith, to the use contemplated in said ordinance, to claim and recover the damages therefor in the condemnation proceeding. There is no damage or wrong suggested in this case other than that resulting from the appropriation of the alley, and that being directly in issue the judgment of the court is conclusive upon all questions of damage arising from it to property outside as well as inside the metes and bound of the description contained in the ordinance.

The conclusion at which we have arrived in the foregoing opinion makes it unnecessary for us to ex-

amine the many other interesting questions presented by counsel. The judgment of the Jackson Circuit Court will be affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All concur, *Bond, J.,* in result.