UNITED STATES of America,
Plaintiff,

v.

SIXTEEN PARCELS OF LAND LOCAT-
ED IN CITY BLOCK NO. 193, OF CITY
OF ST. LOUIS, STATE OF MISSOURI,
and Samuel J. Ridenour, et al., and Un-
known Owners, Defendants.

No. 58 C 97(2).

United States District Court
E. D. Missouri, E. D.

March 18, 1959.

Harry H. Richards, U. S. Atty., St. Louis, Mo., for plaintiff.

Charles Claflin Allen, Jr., of Allen & Allen, St. Louis, Mo., for defendant Boatmen's Nat. Bank of St. Louis.

David La Driere, Clayton, Mo., for defendant Marion C. Martin and others.

Thomas Rowe Schwarz, St. Louis, Mo., for defendant Charles J. Berkley and others.

George W. Perry and Ernest E. Baker, St. Louis, Mo., for defendant Ann Block Scott and others.

J. L. London, St. Louis, Mo., for defendant E. B. Tandy.

Gillette F. Wright, St. Louis, Mo., for defendant, Paul Bakewell, Jr., Trustee under Will of Edward Vilray Papin, Decd.

Lyman J. Bishop, St. Louis, Mo., for defendant Terminal R. R. Assn. of St. Louis.

Henry C. Hughes, St. Louis, Mo., for defendants, Bessie Whitelaw Terry and Whitelaw Terry, Trustees under Will of Albert T. Terry, Decd.

HARPER, District Judge.

This is a civil action for a declaratory judgment in which the United States seeks to quiet the title to certain parcels of land in the City of St. Louis, being commonly known as the old United States Post Office site.

When the testimony was heard it was agreed by the attorneys that the cause would be submitted to the court at this time on the question of what title the plaintiff had in the property and what interest, if any, the defendants, with the exception of the Terminal Railroad Association of St. Louis, had in the title to said property. It was further agreed that in the event the court determined that the defendants, with the exception of the Terminal Railroad Association of St. Louis, had, or in the event of certain contingencies, might have some interest

in the property, that the respective rights of the defendants would be tried and determined later after such decision by the court.

By an Act of March 27, 1872, 17 Stat. 43, Congress authorized the Secretary of the Treasury to purchase or to condemn in pursuance of the Statutes of Missouri a suitable site for a post office, custom house, United States Court, and other federal offices for the accommodation of business of the United States. The act further provided that no expenditure should be made or authorized for the construction of the building until a valid title to the land should be vested in the United States.

On March 16, 1872, the General Assembly of the State of Missouri passed an act entitled, "An Act giving the Consent of the State of Missouri to the acquisition by the United States of so much land in the City of St. Louis as may be needed for public use." The Act provides, in part, as follows:

"Section 1. That the consent of the State of Missouri is hereby given to the purchase by the United States from any person willing to convey the same, and to the acquisition by the United States from any person unwilling or unable to convey the same of the title in fee to any land in the City of St. Louis not exceeding five (5) acres in quantity which may be needed for the erection of a Court House, Custom House, Post Office, or other buildings, for the accommodation of the business of the United States; * * *

"Section 3. That if it shall come to pass that the title to the parcel of land needed by the United States for public use in the city of St. Louis shall be held in whole or in part by persons unable or unwilling to convey the same, then the United States may proceed in the same manner that is provided by Chapter Sixty-six of the General Statutes of Missouri to acquire the title of the persons so unable or unwilling to convey the same."

Chapter 66 of the General Statutes of Missouri,[1] Wagner's Missouri Statutes 1872, pages 326–328, gives the power of condemnation to road, railroad and telegraph corporations, and after setting forth the procedure to be followed in condemnation, provides that it shall be lawful for such company "to hold the interest in said land so appropriated for the uses aforesaid."

In the condemnation proceedings which were had in the Circuit Court of St. Louis County, Missouri, the United States cited the Act of the Missouri Legislature of March 16, 1872, as the basis for its action, and sought to appropriate the property in question for the public use of said United States and for the erection of a court house, custom house, post office, and other buildings for the accommodation of the business of the United States, and in the prayer of the petition pleaded: "The said United States respectfully prays * * * the appropriation of said * * * to the public use of the United States for the purposes hereinbefore recited."

 Plaintiff contends that under the acts and proceeding above cited, it received fee simple title to the site in question. Defendants, except the Terminal Railroad Association of St. Louis, contend that the United States acquired no more than the right to use the property for so long a period of time as said property was used for the purposes for which it was condemned, and that upon cessation of the public use for which the land was condemned the property should revert to the fee owners.

The Missouri Act contains a clear consent to the acquisition of "title in fee". Defendants take the position that the reference to Chapter 66 of the General Statutes was made for the purpose of limiting the title to be obtained by the United States to an easement. This position attributes to the legislature inconsistent statements in the Act passed under which this property was acquired. The better reasoned interpretation of the legislative intent in making this refer-

ence is that Chapter 66 was referred to only for the purpose of establishing the procedure to be followed in the condemnation suit and not to establish a substantive right.

The Circuit Court decree rendered in the original proceeding is also consistent with the view that the United States obtained fee simple title. That decree provided that the rights and interests of the former owners were "vested absolutely in the said United States."

 Defendants have expressed doubts that under Missouri law a condemnor can acquire more than an easement or determinable fee. A recent Missouri Supreme Court case resolves that doubt. In Daly v. Kansas City, 317 S. W.2d 360, it was held that the city had obtained fee simple title by condemnation, and that the former landowners could not acquire any interest by reversion in the event of a diversion in use by the city. The Supreme Court of Missouri added a cautionary note, loc. cit. 364, which must be added to a determination in the case at bar that the United States has fee simple title to the land in question:

"We do not mean to indicate, however, that Kansas City may use the land in question for any purpose it may desire. Section 29 of the Charter of 1908 provides that 'The lands which may be selected and obtained under the provisions of this article shall remain forever for parks, parkways and boulevards for the use of all the inhabitants of said city.' We restrict our ruling upon that issue to the proposition that plaintiffs could not be vested with any title or right of possession by reason of the alleged diversion in the use of the land from park purposes."

The ruling here is restricted to a determination that fee simple title is in the United States, and that defendants have no reversionary interest. It should be noted that the Missouri Act giving consent to the acquisition of the land is perhaps analogous to the limitations found in the Kansas City Charter of 1908, and the court does not mean to indicate the plaintiff may or may not be restricted by the act passed by the Missouri legislature authorizing acquisition.

One problem remains. In its answer, the defendant, Terminal Railroad Association of St. Louis, alleges that it is the lessee of a perpetual easement for a railroad tunnel under the land in question. This allegation has not been controverted by plaintiff.

In view of the court's decision, it is not necessary to hear further testimony in the case. Plaintiff will submit a final order and decree on the issues raised by the defendants, other than the Terminal Railroad Association, that the various defendants, other than the Terminal Railroad Association, are without title or interest in the fee of the land in question, and that the Terminal Railroad Association of St. Louis is the lessee of an easement from the plaintiff for a railroad tunnel under the land in question.