ST. LOUIS COUNTY, Missouri, Plaintiff-
Respondent,

v.

Orion J. LITZINGER and Audrey Litzinger,
Defendants-Appellants.

No. 50013.

Supreme Court of Missouri,
Division No. 2.

Nov. 11, 1963.

Rehearing Denied Dec. 9, 1963.

Lovell.W. George, Clayton, for appellants.

Norman C. Parker, St. Louis County
Counselor, Joseph B. Moore, Asst. County
Counselor, for respondent.

HENRY J. WESTHUES, Special Com-
missioner.

This action, designated as a "Petition for
Mandatory Injunction," was filed by St.
Louis County, Missouri, against Orion J.
Litzinger and his wife, Audrey Litzinger,
asking the court to order appellants to de-
posit in the County treasury certain funds
in their possession. The trial court, after
a hearing, granted respondent's request and
entered a judgment against the appellants.
An appeal was taken to this Court.

The material facts were stipulated. The
fund in question came into possession of
Litzinger while he was serving as a consta-
ble in St. Louis County, Missouri. He held
the office of constable in the Second Magis-
trate District from January 1, 1951, to Jan-
uary 1, 1957. In 1954, a fifth magistrate dis-
trict was created and Litzinger was ap-
pointed to serve as constable therein. He
held this office until January 1, 1957, when
he resigned as constable in both the second
and fifth districts to take over the duties of

Sheriff of St. Louis County to which office he had been elected.

Respondent St. Louis County is operating under a special charter pursuant to the provisions of Article VI, Sec. 18 of the 1945 Missouri Constitution, V.A.M.S. Sec. 18 (b) reads:

"The charter shall provide for its amendment, for the form of the county government, the number, kinds, manner of selection, terms of office and salaries of the county officers, and for the exercise of all powers and duties of counties and county officers prescribed by the constitution and laws of the state."

Sec. 104.220, of the St. Louis County ordinances, fixed the salary of Litzinger at $6,-000 per annum. He was not entitled to any other compensation but was paid for actual expenses incurred in performing his duties, among which was the serving of process in civil cases filed in the Magistrate Court. By a rule, established by the magistrate judges of the county, parties filing suits were required to deposit $4 if only one defendant was to be served with process and an additional sum if more than one person was to be served. These deposits were required to cover the cost of serving process and other constable fees as set forth in the fee schedule for constables in Sec. 63.140, RSMo, V.A.M.S., and by an ordinance of the County, No. 63.40. Sec. 104.390 of the ordinances provided that "All fees, costs and any other monies received or collected by any elective official of St. Louis County shall be paid by him into the County Treasury at least once each month." Sec. 303.010 of the ordinances stated that "Any officer, employee, or agent of St. Louis County who shall receive any moneys belonging to the County, or any moneys not belonging to the County, which may be obtained by him by virtue of, or under color of such office or employment, which are to be held, paid out, or transmitted by the County or any officer, employee, or agent thereof, shall promptly deposit all such moneys in the County Treasury; * * *." Sec. 303.020 of the ordinances prescribed a procedure for the disbursement by the County of any money not belonging to the County which was deposited in the County treasury as required by Secs. 104.390 and 303.010 of the ordinances.

The deposits required to secure the cost of constable fees were paid to the constable by the clerk of the court. Litzinger turned over to the treasury an amount taxed as cost. In many cases, the cost would be less than the deposit. Litzinger retained the excess and it is this excess that is the subject matter of this lawsuit. The amount agreed on is $15,191.06. It was also agreed that the money does not belong to Litzinger nor does it belong to the County. The excess in each case should have been refunded to the litigant making the deposit.

Respondent County relies upon the ordinances referred to supra and contends that by the provisions of the ordinances Litzinger was required to turn over to the County treasury all of the deposits to secure cost. The County further contends that it has provided by ordinance a method of refunding excess deposits to the litigants. The County contends that the duty of Litzinger to turn over to the County treasury fee money is a ministerial duty which a court of equity may enjoin him to perform.

Litzinger contends that the County is not entitled to this fund and that he must retain the sum in question and refund it to the litigants; further, that under his bond, he is required to pay the money to the parties legally entitled thereto; that because of this obligation in his bond, the ordinances requiring him to deposit this fund in the County treasury are unconstitutional as impairing the obligation of his contract.

■ The duty of Litzinger to deposit in the County treasury all funds coming into his hands in connection with constable fees is in fact a ministerial duty. In such circumstances, a constable or other officer may not question the constitutionality of the ordinances. This rule is well established. 16 C.J.S. Constitutional Law § 82 b, pp. 252, 253, and see also State ex rel. Chicago, R. I.

& P. Ry. Co. v. Becker, 328 Mo. 541, 41 S. W.2d 188, 1. c. 190 (1, 2), where this court en banc said: "It is well settled in this state and in a great majority of our sister states that, as a general rule, a ministerial officer cannot defend his refusal to perform a duty prescribed by a statute on the ground that such statute is unconstitutional. State ex rel. [Wiles] v. Williams, 232 Mo. 56, 133 S.W. 1, 6 [34 L.R.A.,N.S., 1060]; State ex rel. [Missouri & N. A. R. Co.] v. Johnston, 234 Mo. 338, 137 S.W. 595, 598; State ex rel. Atlantic Coast Line R. Co. v. State Board of Equalizers, 84 Fla. 592, 94 So. 681 [30 A.L.R. 362]; 30 A.L.R. 378–387, and cases cited."

But, say appellants, the case of State of Missouri, to Use of Judge v. Gatzweiler, 49 Mo. 17, is directly in point and settles the law in this case. We have no fault to find with the opinion in that case. Therein a sheriff was ordered to pay money in his hands by virtue of an execution to a person not entitled thereto. This Court in speaking of the sheriff's bond as a contract said, "The duty of the sheriff is to pay over money coming into his hands to those legally entitled thereto, and his bond is the contract that he will not fail upon any account to do this act."

In the case before us, the constable Litzinger did not come into possession of the fund of $15,191.06 by any authority of law. We have been cited to no statute or ordinance authorizing the clerk of the Magistrate Court to turn over the entire deposit to secure the cost of constable fees to Litzinger. It is interesting to note how the manner of dealing with the subject of deposits for constable fees came into being. We shall give its history. By Sec. 483.615, V.A.M.S., as amended in 1959, a fee of six dollars is allowed the magistrate in each civil case. All such fees are required to be deposited in the State treasury. The State pays the salary of the magistrate. Sec. 63.140, V.A.M.S., and St. Louis County ordinance No. 63.40 provide for a schedule of fees for constables. Since St. Louis County pays the constable a fixed salary, all such fees are required to be paid into the County treasury. The stipulation in this case recites that the magistrates and constables of St. Louis County held several meetings to discuss the matter of requiring deposits for cost of constable fees. Note the result as stated in the stipulation:

"'2) As a result of such discussions the Magistrates of St. Louis County, in 1947, or 1948, promulgated an unwritten rule to the effect that, in addition to the aforementioned "magistrate's fee" of $5.00 (now $6.00), persons filing civil actions in the magistrate courts of St. Louis County should be required by the clerks of said courts to deposit the sum of $4.00, plus $1.00 more for each defendant in excess of one, for the purpose of "securing the costs" in such actions, and deposits in that amount have ever since been required in the magistrate courts of districts 1, 2, 3 and 4, of St. Louis County.

"'3) Upon the establishment of magistrate district 5 in the year 1954, this deposit-to-secure-costs procedure was adopted in that district, but with the variation that, instead of $4.00, plus $1.00 for each defendant in excess of one, the deposit required is $4.00 plus an additional $4.00 for each defendant who resides at an address different from that of any other defendant.

"'4) From the inception of this deposit-to-secure-costs procedure the clerks of each of the magistrate courts of St. Louis County also have followed the practice of transferring the deposits so made to the constables who serve the process of their courts as soon as the court files are made up, and the constables, upon receipt thereof, have caused the money so transferred to them by the clerks to be deposited in whatever accounts are maintained in commercial banks of their selection for the deposit of moneys received in the performance of their duties as constables.' "

The practice of the clerk to pay the entire deposit to Litzinger does not make it legal. The constable in any event was not entitled to collect more than the actual fee. There is a procedure prescribed by ordinance, cum-

bersome as it may be, whereby litigants may obtain a refund if the entire deposit is not consumed. We have not been cited to any ordinance or statute that authorizes the constable to collect the fund in question or to make refunds. Under the provisions of the ordinances, it was his duty to transfer all of the money collected in connection with constable fees into the County treasury. Litzinger, under the law, is in no position to question the validity of the ordinances.

◼ Appellants say that the court did not have the authority to issue a "Mandatory Injunction." It is immaterial whether this proceeding is called a mandatory injunction or mandamus. It is clear that the duty of Litzinger was a ministerial duty which a court of equity may compel him to perform. 55 C.J.S. Mandamus § 132, p. 216; State ex rel. Hand v. Bilyeu, Mo.App., 346 S.W.2d 221, l. c. 227(9). The ruling of the Court of Appeals in that case was approved by the Supreme Court in State ex rel. Hand v. Bilyeu, Mo., 351 S.W.2d 457, l. c. 460(2) (3).

◼ Appellants contend that the trial court was in error in finding that Litzinger held said fund in trust. Under the law, Litzinger's compensation was fixed at a definite salary. All funds coming into his hands as fee money were required to be paid into the County treasury. Such funds were held by him as trustee. 67 C.J.S. Officers § 90, pp. 327–329; 67 C.J.S. Officers § 118, p. 408.

◼ In the brief, the appellants say the County has no standing in a court of equity because of the "clean hands doctrine." They contend that the practice in Magistrate District No. 4 is to charge the entire deposit of $4.00 as a flat fee for constable costs; that the entire sum is retained by the County. It is apparent that the "clean hands doctrine" does not apply in this case. What may be the practice in District No. 4 has no bearing on any issue in this case. The rule is well stated in 30 C.J.S. Equity § 98, p. 491: "The misconduct which falls

within the clean hands maxim must relate directly to the transaction concerning which complaint is made or the subject matter in litigation."

In point 8 of the brief, appellants say that the trial court erred in ordering them to deposit the $15,191.06 in the County treasury for the reason that in the agreed statement of facts there is: first, no admission that appellants have any funds in their possession; futher, that "defendant does not now hold the sum of $15,191.06 in any special account, or any particular account or accounts."

Respondent, in the petition, alleged that a sum of $5,000 was in the joint names of Orion J. Litzinger and his wife, Audrey Litzinger. An audit disclosed that a check drawn on Litzinger's account as constable created that joint account. This fact probably was the reason for Mrs. Litzinger's being made party defendant.

The agreed statement of facts does show that an undisputed balance of $15,191.06 had accumulated in the account of Litzinger as constable; further, that the accumulation was made up of moneys received by Litzinger by virtue of his office. It was also stipulated that the constables, in this case Litzinger, *"upon being requested so to do, but not otherwise"* would refund the excess deposit above fees to the litigant. (Emphasis supplied.)

In connection with point 8, let us glance at point 9 of the brief, wherein complaint is made that the trial court implied defendant Litzinger had been unjustly enriched and had somehow achieved an unconscionable result. Under this point, Litzinger says that "The court's suggestion of 'unjust enrichment' is based upon arbitrary assumptions that 'requests' will not be made for said undisbursed balance, or, that if made, appellant Orion J. Litzinger will interpose the defense of the statute of limitations in the face of the stipulation in the Agreed Statement of Fact, paragraph '19,' that said appellant has received a substantial number of requests for refunds since this suit was

brought in February, 1958, but that all such refunds have been deferred pending final determination of this action."

What Litzinger, in fact, says is that he will if requested by the litigants refund to them the $15,191.06. If that be so, it is immaterial whether he has that sum in any special or particular account or accounts. Litzinger can avoid all of the detailed work of refunding to the numerous litigants the fund in question by complying with the court's order and depositing the sum in question in the County treasury. The County can then make the refunds.

We have disposed of all points necessary to the disposition of the issues presented. Our conclusion is that the trial court in this equitable action had the authority to order the appellants to deposit the funds in question in the treasury of the County. We agree with the trial court that appellants should do so.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.