STATE of Missouri at the Relation of Daniel V. O'BRIEN, Prosecuting Attorney of St. Louis County, Missouri, Respondent,

v.

Lawrence K. ROOS, Supervisor of St. Louis County, Missouri, et al., Appellants.

No. 51394.

Supreme Court of Missouri, Division No. 2.

Dec. 13, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied Jan. 10, 1966.

Daniel V. O'Brien, Pros. Atty., St. Louis County, Richard E. Crowe, Sp. Asst. Pros. Atty., Clayton, for respondent.

Donald J. Stohr, St. Louis County Counselor, Thomas W. Wehrle, Associate City Counselor, Morton I. Golder, Asst. County Counselor, Clayton, Norman C. Parker, Special Counsel, St. Louis, for appellants.

PRITCHARD, Commissioner.

The Prosecuting Attorney of St. Louis County, Missouri, was successful in the court below upon his petition to have declared invalid upon constitutional grounds and statutory conflict Ordinance No. 3188 of that county. The ordinance purports to fix criminal and civil case fees of constables serving the Magistrate Courts, and to require civil litigants to make a cash deposit for costs therein. The judgment of the court, in addition to declaring the ordinance invalid, enjoined defendants from collecting and charging fees for the services of constables as prescribed by the ordinance.

The first question presented is whether relator may maintain this suit. Appellants in their first point contend that he may not upon the ground that the State of Missouri is not affected by the enactment of the ordinance; and that relator is not the real party in interest in this cause, and has no capacity to raise the issue of the validity of the ordinance, nor the authority or power to institute and prosecute this action.

Appellants argue that Ordinance No. 3188 in its fixing of fees for constables does not affect any property rights or pecuniary interest of the State of Missouri, and that the increase of the cost of litigation in the Magistrate Courts is purely a local matter and in no way directly affects the public health, safety and welfare of the State of Missouri. Appellants say further that if, however, the state were affected by the ordinance, as concerning the public policy of the State of Missouri, and not St. Louis County alone (as found by the trial court), then the issue is of such broad expanse that the only officer entitled to proceed in the matter is the Attorney General.

Section 56.060,[1] among other things, provides, "Each prosecuting attorney shall commence and prosecute all civil and criminal actions in his county in which the county or state is concerned, * * *." We rule that relator has the capacity, on behalf of the state, and authority to raise the issue of the validity of the ordinance, and the power and authority to institute and prosecute this action.

The state is directly concerned with the subject matter of the action in that Art. V, § 1, Const.Mo.1945, V.A.M.S., vests the judicial power of the state in part in the Magistrate Courts. Section 21 of the same article provides that "The general assembly shall provide for the administration of magistrate courts consistent with this constitution." By § 550.020 the Legislature has provided that the state pay certain felony costs, and by § 550.240 provides for the making of a fee bill by the circuit clerk of all costs in criminal cases, including those incurred in the Magistrate Courts, legally chargeable against the state or county. Thus the amount of money paid by the state

1. All statutory references are to RSMo 1959, V.A.M.S., unless otherwise denoted.

would be increased should the increased fees under the ordinance stand, and the state does thereby have a pecuniary interest in the subject matter of the ordinance, as also does the County of St. Louis. That fact, plus the fact that under said constituional provisions the state has a general administrative interest in the administration of Magistrate Courts throughout the state, gives it such an interest that under said § 56.060 relator may maintain the action. The subject matter of the action, although not designed to apply outside of St. Louis County, is not purely a local matter so as to make applicable appellants' cited case of State ex rel. Downs v. Kimberlin, 364 Mo. 215, 260 S.W.2d 552, and its quoted case, State ex rel. Westhues v. Sullivan, 283 Mo. 546, 224 S.W. 327, 331. Relator here, as prosecuting attorney, is proceeding in a matter pertaining to his jurisdiction in the limited territory over which he has control and power to act—St. Louis County for which he was elected. Relator can use the State of Missouri in this matter in which the state is interested, as stated, within the confines of St. Louis County. The subject matter is not of broad expanse, concerning the whole state, so as to permit only the Attorney General to act. Compare State ex inf. Wallach, Pros. Atty. v. Beckman, 353 Mo. 1015, 185 S.W.2d 810, 813. Appellants' Point I is overruled.

The facts as agreed upon by the parties and as here pertinent are that St. Louis County is of the first class operating under a Home Rule Charter form of government. The ordinance in question, being No. 3188, was enacted in 1964 and amended Chapter 104, Title I, St. Louis County Revised Ordinances, 1958, as amended, by adding new Section 104.201 thereto. This new section purports to fix the fees to be charged for the services of constables within the county, and provides that all such fees and costs collected by each constable shall be reported and paid by him monthly to the treasurer of the county, to be credited to the general revenue fund.

There are eight magistrates in the county, elected by geographical districts, the boundaries of which were established by the Board of Election Commissioners of the county. The jurisdiction of each magistrate is countywide. Four constable districts exist which are not coterminous with the eight magistrate districts which now exist. The four constables of the county are elected, and their authority to serve process extends throughout the county. The salary of each constable is $7,500 per year and the salaries of deputies authorized to be appointed by constables (twenty-four deputies in all) are within an ordinance grade range —$280 to $380 per month, within budgeting limits of ordinance. Each constable presently serves two Magistrate Courts as set by ordinance. Prior to the enactment of Ordinance No. 3188, constables' fees in legal proceedings before magistrates were provided for in Section 104.190 of the St. Louis County Revised Ordinances that "fees of Constables and Deputies, and the power of the Sheriff to act in certain cases shall be as provided for Constables and Sheriffs in first class counties in Chapter 63, R.S. Mo.1949." In civil proceedings prior to the enactment of Ordinance No. 3188 each plaintiff by custom paid to the constable a $4 deposit for each civil suit to guarantee payment of his fees taxable as costs. As fees accrued and were chargeable against the deposit they were paid into the treasury of St. Louis County and were credited to the general revenue fund. Under the provisions of Sections 303.010 and 104.390, St. Louis County Revised Ordinances, 1948, as amended, the remaining portion of the deposit was either paid into the treasury to be held as a separate account for claim by a depositing litigant or was refunded by the constable to the litigant.

The cost of operation of constables' offices in St. Louis County is borne by it out of its general revenue fund. Earned fees collected by constables are paid into and credited to the general revenue fund along with various other county revenues, fees and taxes, and are not set apart in any spe-

cial fund or account to bear the expenses of the operation of the constables' offices. The following table shows the fees earned and "all" expenses incurred in the operation of the constable offices in the county for a five-year period:

|      | Total Earned Fees | Total Expenditures |
|------|------------------|--------------------|
| 1960 | $ 40,491.85 | $ 191,216.03 |
| 1961 | 45,298.39 | 208,216.02 |
| 1962 | 51,261.13 | 234,185.36 |
| 1963 | 65,918.65 | 279,799.70 |
| 1964 | 75,000.00 (Estimated) | 261,755.00. |

(We assume that the total "all" expenses of operating constable offices includes in excess of $110,000 per year *salaries* for constables and deputies.)

■ Appellants' Point II is that the trial court erred in failing to hold that Ordinance No. 3188 is within the authority vested in St. Louis County by Art. VI, § 18(b), Const.Mo.1945, V.A.M.S., and by the county charter. That constitutional provision is that "The charter shall provide for its amendment, for the form of the county government, the number, kinds, manner of selection, terms of office and salaries of the county officers, and for the exercise of all powers and duties of counties and county officers prescribed by the constitution and laws of the state." Appellants' argument is that the declaration enables constitutional charter counties to perform their proper governmental functions themselves to meet their own singular needs; and that "[I]t is not necessary that the Constitution nor the Charter say in so many words, 'St. Louis County has the power to set and collect fees for services of constables.' This power is carried with the numerous grants in the Constitution and Charter as reasonably necessary to their exercise." Thus, the determinative issue of this appeal is stated. In no place in the constitutional grant of powers in said Art. VI, § 18(b) is there any expression of authority of St. Louis County over the Magistrate Courts therein situated other than the power to provide for the number, kinds,

manner of selection, terms of office and salaries of county officers (constables being county officers, State ex inf. of Dalton ex rel. Shepley v. Gamble, 365 Mo. 215, 280 S.W.2d 656, 660 [8]). Appellants cite Hellman v. St. Louis County, Mo., 302 S.W.2d 911, where the issue was whether the charter county could by ordinance contract for the services of appraisal experts to aid the assessor in assessing property. It was there said, as pointed out by appellants, that said Art. VI, § 18(b) of the Constitution "carries with it an implied grant of such powers as are reasonably necessary to the exercise of the powers granted and are not contrary to the public policy of the state." Thus it was held, in effect, that there was no unconstitutional usurpation of power by the enactment of the ordinance. The opinion held additionally that the statute, § 137.230, providing that in counties having a population of over 40,000 the county court could adopt any "other suitable and efficient means or method" to secure a full and accurate assessment of taxable property, was authorization for the appraisal contracts. Thus the constitutional provision and the statute impliedly gave authority to carry out the *duties* of the assessor in appraising property. We have no such statute here which similarly grants authority to St. Louis County to enact an ordinance setting constables' fees. Any implication of power to enact ordinances can relate only to *express* powers granted, i. e., "number, kinds, manner of selection, terms of office and salaries of the county of-

ficers." Fees of constables do not relate to any of these matters. The state has long enacted statutes relating to fees of officers who serve the courts. See § 63.140, providing fees for constables in first class counties (undoubtedly and concededly now applicable to St. Louis County which was a first class county prior to its adoption of its constitutional charter, regardless of which charter it remained a legal subdivision of the state, Gamble case, supra, loc. cit. 280 S.W.2d 659 [2]); § 63.200 for constables serving the courts of St. Louis City; §§ 57.280 and 57.290 for fees of sheriffs (generally); § 57.285 for fees of sheriffs in class one counties not adopting a charter; and § 57.480 for fees of sheriffs serving the courts of St. Louis City. The state has, in its governmental concern in the administration of the court system, and particularly Magistrate Courts under Art. V, § 21, Const.Mo.1945, V.A. M.S., provided for the fees of officers to be charged and collected generally throughout the state. No legal subdivision may change the statutes by local legislation. A county, after adopting a constitutional provision giving it exclusive control of local matters, continues amenable to state control in matters of a public character such as here presented. 20 C.J.S. Counties § 52, p. 808. There is no grant of power, expressly or impliedly, to St. Louis County to regulate fees of constables. Those rights remain with the state, and may be exercised only by the Legislature (20 C.J.S. Counties § 52, p. 808), to which appellants must look for a solution of what it says is a financial problem and loss by reason of earned fees not equaling the total cost of operating constable offices. (We doubt that in any legal subdivision of the state that fees earned in attending the needs of courts and litigants equal the cost, including salaries, of maintaining offices.) Point II is overruled.

The argument under appellants' Point III A, that the salaries of constables of St. Louis County may be fixed by it under constitutional and charter provision (though true), from which it follows that it may also fix constables' fees, is without merit as above indicated. The old system that the officer was compensated by fees has been superseded in this case by the provision that compensation be exclusively by salary. The constable has no property right in fees other than to collect, hold and pay fees over to either the litigants or into the county treasury. St. Louis County v. Litzinger, Mo., 372 S.W.2d 880, 881 [1]. The fact that salaries are exclusively authorized to be set by the county in no way deprives the state of its power to prescribe said fees.

Under Point III B, appellants say that by reason of the Legislature being prohibited from setting the compensation of sheriffs of St. Louis County, and that § 63.140 provides that in magistrate districts of more than 75,000 inhabitants the constable shall receive the same fees and compensation as are allowed by law to sheriffs of such counties; and by further reason that the Legislature has not specifically set fees to be charged by the sheriff of a class one county not operating under a charter, shows a legislative intent that St. Louis County has the authority to provide for the fees to be received by its constables. It is not a matter of legislative intent, or that it has "not occupied the field" of provision for constable fees. Rather, it is a matter of constitutional power to set fees. Although the power to set compensation (i. e., salary) as set forth in Chapter 63 was undoubtedly repealed by the adoption of Art. VI, § 18, Const.Mo.1945, V.A.M.S., it did not affect fees prescribed thereunder, and they remained in force. Else, there would be no statutory authority whatever for St. Louis County constables to charge and collect fees. The argument is without merit, and Point III is overruled.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.