STATE of Missouri ex rel. ST. LOUIS COUNTY, Missouri, Relator,

v.

Honorable Robert Lee CAMPBELL, Judge of the Circuit Court of the 21st Judicial Circuit of Missouri, Division No. 15, Respondent.

No. 34967.

Missouri Court of Appeals,
St. Louis District,
Division 2.

June 12, 1973.

Application to Transfer Denied
Oct. 8, 1973.

Motion for Rehearing or to Transfer
Denied Aug. 16, 1973.

George F. Gunn, Jr., County Counselor, Thomas W. Wehrle, Deputy County Counselor, Clayton, for relator.

Padberg, Raack, McSweeney & Slater, St. Louis, for respondent.

SIMEONE, Judge.

Original proceeding in prohibition to prohibit the respondent, Judge of the Circuit Court of St. Louis County, from entering an order appointing three persons, not members of the permanent condemnation commission of St. Louis County, as commissioners to assess damages in a condemnation proceeding brought by the county. We have jurisdiction, Mo.Const. Art. V, § 4, V.A.M.S.

A condemnation action was filed in the Circuit Court of St. Louis County (St. Louis County, Missouri v. James A. Potts, et al., No. 333,138) to acquire land for the improvement of a county road. The original petition prayed for the appointment of the members of the permanent condemnation commission as commissioners authorized by the county charter to ascertain and assess the damages. The defendants filed a motion to dismiss the petition. On September 6, 1972 respondent heard and granted defendants' motion. On September 8, 1972, on the court's own motion, the order dismissing plaintiff's petition was set aside and plaintiff was granted leave to file an amended petition. The prayer of the petition was amended by deleting that part of the prayer which requested the appointment of members of the permanent condemnation commission as commissioners and prayed instead that "commissioners be appointed to ascertain and assess the damages if any . . ." The amendment was made "without waiving any rights of Plaintiff to request the appointment of members of the permanent condemnation commission . . . and without waiving any right to object to the appointment of commissioners other than members of said permanent condemnation commission—and further, without waiving any right to exert the constitutionality and legality of the provisions of [the county charter]."

A hearing was then held on October 11, 1972 and respondent entered an order in condemnation decreeing that the lands be condemned, but at that time denied the county's request that members of the permanent condemnation commission be appointed to assess damages. Respondent announced his intention to appoint a commission composed of persons who were not members of that commission, as requested by the defendants pursuant to statute and court rule.

Relator then sought prohibition in this court. On November 10, 1972 we issued our preliminary writ returnable December 11, 1972. Respondent filed his return and relator filed its answer thereto.

St. Louis County is a county of the first class of the State of Missouri, operating under a home rule charter form of government adopted by the people April 2, 1968,

pursuant to the provisions of Mo.Const. Art. VI, § 18. One provision of the charter, Art. VI, § 6.040, provides that:

"1. There shall be a permanent condemnation commission composed of three members and three alternates all of whom shall be residents of the county. They shall be appointed by a majority of the circuit judges of the county . . . but if the circuit judges fail to make an appointment within thirty days after a vacancy occurs the supervisor shall make the appointment subject to confirmation by the council . . .

\* \* \* \* \* \*

3. The commission shall assess the damage and benefits in all condemnation proceedings brought by the county and in any other condemnation proceeding in which the judge before whom the proceeding is pending so orders.

\* \* \* \* \* \*

5. Nothing herein contained shall abrogate the right to appeal from any commission award in condemnation in the manner provided by law nor the right to trial by jury."

On May 1, 1968, pursuant to the charter, the circuit judges of the county, with the respondent reserving his rights to appoint freeholders under the statutes and rules, appointed three persons to the permanent condemnation commission and three alternates. On the same date, following the appointments by the judges, the presiding judge notified the supervisor that the court en banc named the commissioners and alternates.

The prime issue to be resolved is whether in the condemnation proceeding the respondent must appoint the members of the permanent commission to assess damages or if he may appoint three persons other than the members of the commission for such purpose. St. Louis County has adopted a "home rule" charter pursuant to the authority of Mo.Const. Art. VI, § 18.[1] Art. VI, § 6.040, quoted above, authorizes the permanent commission, but § 523.040,[2] RSMo 1969, V.A.M.S., and Rule 86.06 do not contemplate the appointment of a permanent commission. If the charter provision governs rather than the statute and rule, respondent cannot appoint three citizens other than the members of the commission and the preliminary writ must be made permanent.

Relator contends that the respondent has no jurisdiction to appoint commissioners other than the members of the permanent condemnation commission for the reason that St. Louis County, as a charter county, has exclusive control in a matter of purely local concern. It is contended that condemnation is a matter of local concern and, therefore, the provision of the charter, § 6.040, prevails over the general statutes and rules of civil procedure. Several authorities are cited in support of these propositions.

Respondent contends that relator may not seek prohibition to determine the valid-

---

1. Mo.Const. Art. VI, § 18:
    "Section 18(b). The charter shall provide for its amendment, for the form of the county government, the number, kinds, manner of selection, terms of office and salaries of the county officers, and for the exercise of all powers and duties of counties and county officers prescribed by the constitution and laws of the state."
    Art. II, § 2.180(7), authorizes the county council to acquire real property by condemnation.

2. § 523.040, RSMo 1969, V.A.M.S., (Rule 86.06, V.A.M.R., is basically the same for our purpose):

    "The court, . . . on being satisfied that due notice of the pendency of the petition has been given, shall appoint three disinterested commissioners, who shall be freeholders, resident of the county in which the real estate . . . is situated, to assess the damages which the owners may severally sustain by reason of such appropriation, who, . . . shall forthwith return to the clerk of such court, . . . their report . . . of such assessment of damages, setting forth the amount of damages allowed . . . "

ity of the charter provision because this issue was abandoned when the county filed its amended petition since the county had a right to appeal from an adverse order. Therefore, it is asserted that the county consented to the jurisdiction of the court when it filed its amended petition. As to substance, respondent contends that condemnation proceedings must be instituted and conducted pursuant to the provisions of the constitution, Art. I, § 26,[3] and statutes, and where the charter provision conflicts with the statutes, the charter provision must give way. The power of condemnation is in derogation of the common law and the applicable statutes and proceedings thereunder must be strictly construed.

■ We turn to the substantive issue first. As stated, St. Louis County is a home rule charter county. In adopting the charter under the authority of the constitution, it became the county's "fundamental, organic law", Schmoll v. Housing Authority of St. Louis County, 321 S.W.2d 494, 498 (Mo.1959), and it has broad powers. A county, even after it adopts a charter, continues "amenable" to state control in some matters. State ex rel. O'Brien v. Roos, 397 S.W.2d 578, 582 (Mo.1965). Under its special charter, St. Louis County is possessed of a dual nature and functions in a dual capacity, both as a county and as a municipality. Carson v. Oxenhandler 334 S.W.2d 394, 397 (Mo.App.1960).

Ever since Missouri inaugurated the "home rule" charter scheme of government in 1875, the courts have wrestled with the problem of demarcating the proper sphere of "home rule." See Schmandt, Municipal Home rule in Missouri, 1953 Wash.U.L.Q. 385, 387, and Westbrook, Municipal Home Rule: An Evaluation of the Missouri Experience, 33 Mo.L.Rev. 45 (1968).

■ Often there is a conflict existing between the provisions of a charter (municipal or county) and the general law. When a conflict occurs, the resolution thereof, as a general principle, depends on whether the functions are "private, local corporate functions" or "governmental." Grant v. Kansas City, 431 S.W.2d 89, 92 (Mo. banc 1968).

■ Ironically, perhaps the only consistent thread in the whole tangled skein of cases appears in regard to condemnation suits. In the matter of condemnation the people, in the enjoyment of their right of home rule, may adopt whatever provisions for the exercise of the right of eminent domain they see fit as long as they are consistent with the constitution and laws of the state. Kansas City v. Webb, 484 S.W. 2d 817, 823–824 (Mo. banc 1972), cert. den., 409 U.S. 851, 93 S.Ct. 62, 34 L.Ed.2d 93.

■ It has consistently been held that the power of condemnation is a matter of local concern so that the procedure specified in the charter supersedes the statutes. City of Kansas City v. Marsh Oil Co., 140 Mo. 458, 41 S.W. 943, 947 (Mo.1897); Grant v. Kansas City, *supra* at 93; Kansas City v. Webb, *supra* at 824; State ex rel. Kansas City v. Field, 99 Mo. 352, 12 S.W. 802, 803 (Mo.1889).

In Kansas City v. Marsh Oil Co., *supra*, it was specifically held that the charter of the City of Kansas City adopted under the constitution, which provided for the condemnation of land for widening streets and for park and boulevard purposes, superseded the general statutes where the two were in conflict. "We think it was properly ruled that the special charter superseded the general statutes where the two conflict-

3. Mo.Const. Art. I, § 26:
   "That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested . . . ."

ed as to a mere municipal regulation, and we hold that condemnation proceedings to acquire land for streets, . . . clearly fall within municipal regulation." Kansas City v. Marsh Oil Co., *supra*, 41 S.W. at 947. See also the comments of Lamm, J., in Brunn v. Kansas City, 216 Mo. 108, 115 S.W. 446, 449–450 (1908).

The rationale of these decisions and kindred cases can be applied to the county charter here. Inasmuch as condemnation proceedings have been uniformly held to fall within the scope of municipal (i.e., local) regulation, relator's effort to provide for a permanent body to assess damages and benefits would seem altogether proper and not inimical to the general scope and policy of the state constitution and laws.

Mere differences in detail do not show want of harmony. As long as the substance inherent in the rights of the condemnee are preserved the charter must govern. Every essential is preserved here —the right to a common law jury, the right to compensation to the owner before his proprietary rights are disturbed. City of Kansas City v. Marsh Oil Co., *supra*, 41 S.W. at 946.

Hence, we are compelled to conclude that Art. VI, § 6.040 of the county charter prevails over § 523.040 RSMo 1969, V.A. M.S., and Rule 86.06. This conclusion is also buttressed by the express provisions of Rule 86.01[4] excepting constitutional charter cities, and the Committee Note to Rule 86.01. Mo.Rules of Civil Procedure.

The cases relied on by respondent do not control the issue presented. County of Greene v. Hammons, 389 S.W.2d 843 (Mo. 1965), did not deal with a constitutional charter but held that after the adoption of the 1945 constitution the circuit courts had

exclusive jurisdiction of condemnation proceedings under chapter 523 rather than the procedures set forth in § 228.180. The other decisions cited by respondent do not control since they involve matters of statewide concern.

■ As to the procedural issue, respondent contends that the relator may not seek prohibition because the issue of the constitutionality of the charter was abandoned when the county failed to appeal from the order of the respondent sustaining the motion to dismiss and filed its amended petition, thus consenting to the jurisdiction of the court. We do not agree. The amended petition filed by relator was prefaced by an express reservation of its rights to object to the appointment of commissioners other than the members of the permanent commission and reserved its right to exert the constitutionality and legality of the charter provision relating to the commission.

Furthermore, it may well be doubted that an appeal from the dismissal order would have succeeded in properly presenting the question of the validity of the charter provision. A prayer to appoint members of the commission would not seem to affect materially the sufficiency of the petition. The prayer of a petition is in no part of the claim for relief and it is at least doubtful that appeal would lie.

■ In any event, the essential function of the writ of prohibition is to confine a lower court within its proper jurisdiction and prevent it from acting without or in excess of its jurisdiction. It is not the function of the writ to control a trial court's discretion or direct how it may be exercised. The writ is properly invoked to restrain the enforcement of orders beyond or

---

4. Rule 86.01:
"In all condemnation proceedings, except those in instances where special provisions to the contrary are, or may hereafter be, provided for by charters or ordinances of those cities having constitutional charters, the procedure to be followed shall be that provided for by these rules."

in excess of the authority of the judge and to keep a court within the compass of its jurisdictional action as defined by law, State ex rel. Kubatzky v. Holt, 483 S.W.2d 799, 803 (Mo.App.1972), or to prevent a court from making an order it has no jurisdiction to make, State ex rel. Houser v. Goodman, 406 S.W.2d 121 (Mo.App.1966). The writ's character as a preventive measure would appear to make it peculiarly appropriate here.

On oral argument respondent commented that the condemnees desired the appointment of persons other than the members of the commission because the commissioners were compensated annually by the relator, and further commented that since the adoption of Art. VI, § 19 of the Missouri Constitution on October 5, 1971, authorizing home rule for cities of more than 5,000 inhabitants, there will be many conflicts between the provisions of home rule charters and the statutes.

As to the first, there is no reason to believe that the commissioners will not do their duty. The presumption is, as in the case of all other official personnel, that the commission members will carry out all their duties justly and efficiently.

As to the second, the general assembly proposed the constitutional amendment to Art. VI, § 19 by H.J.Res. No. 24 and the people adopted it in 1971. Such proposal and adoption were deliberate acts and were within the wisdom of the general assembly.

Inasmuch as we hold that Art. VI, § 6.-040 of the county charter prevails under the circumstances here, our preliminary writ heretofore issued is made permanent.

DOWD, C. J., and SMITH, J., concur.

KELLY and GUNN, JJ., not participating.