Carol Fischer, Director Missouri Department of Revenue Truman State Office Building, Room 670 301 West High Street Jefferson City, MO 65101
Dear Ms. Fischer:
You asked our office whether the Jackson County Collector has authority to waive penalties and interest imposed on delinquent real or personal property taxes. For the reasons stated below, we conclude that the Jackson County Collector lacks such authority.
County officials or agencies possess only authority that is expressly granted or necessarily implied by law. E.g., State ex rel. O'Brien v.Roos, 397 S.W.2d 578, 581-82 (Mo. 1966); Barber v. Jackson County EthicsComm'n, 935 S.W.2d 62, 67 (Mo.App.W.D. 1996); American Aberdeen Angus v.Stanton, 762 S.W.2d 501, 503 (Mo.App.W.D. 1988). Accordingly, the Jackson County Collector does not have authority to waive penalties or interest unless applicable provisions of law expressly grant or necessarily imply that authority.
In considering the Jackson County Collector's authority, we first examine the Jackson County Charter. The Missouri Constitution allows charter counties to provide for the "form of the county government, . . . and for the exercise of all powers and duties of counties and county officers prescribed by the constitution and laws of the state." Mo. Const. art. VI, § 18(b). The Jackson County Charter provides for the Jackson County Executive to appoint the Director of the County Department of Revenue, who is responsible for "all duties and functions prescribed by law or this charter of the county assessor, the county collector, and the county treasurer." Charter, art. IV, § 1, § 5. The County Counselor, also appointed by the Executive, has authority to "institute and prosecute all proceedings for collection of delinquent taxes."Charter, art. V, § 7.[1]
In addition to the Charter, the Jackson County Code addresses the collection of delinquent taxes and the source of the Jackson County Collector's authority. Section 2110 provides that:
 It is hereby declared to be in the interest of the citizens and taxpayers of Jackson County that all taxes levied by law for county and other public purposes be promptly collected, that all delinquent taxes be fairly and promptly enforced and collected by all lawful means available to the collecting authority or his lawful agents or attorneys . . . .
Regarding the County Collector's authority, § 502 of the Code provides: "The Manager of the Division of Finance shall assume all powers and duties, not otherwise specifically provided for by the Charter or by ordinance, previously imposed on or granted to the County Collector by the Constitution and Laws of the State of Missouri." By this provision, the Manager of the Division of Finance has the authority granted to the County Collector under state law. According to the Jackson County Executive Branch's organizational chart, the County Collector reports to the Director (Manager) of the Division of Finance, and the County Collector's authority would flow from the authority granted to this Division Director.
We note that the Jackson County Charter gives the County Legislature authority to "[c]ompromise taxes as provided by law." Jackson CountyCharter, art. II, § 16.8. However, by its terms this provision does not grant any authority to the Jackson County Collector to waive interest or penalties on taxes. In addition, we note that the Charter grants to the Jackson County Executive the authority to correct errors in assessments and tax records and that the Code specifies the types of errors that may be corrected. Jackson County Charter, art. III, § 6.9; Jackson County Code, §§ 2050-2056. We recognize that correction of the types of acknowledged errors identified in the Code might result in a correction to the amount of taxes, interest, or penalties owed by a person or business, but we understand such a correction to be a matter that is different from the waiver of interest or penalties addressed by your opinion request.
In sum, we have found no provision of the Jackson County Charter or Code granting to the Jackson County Collector — either expressly or by necessary implication — the authority to waive penalties or interest imposed on delinquent real or personal property taxes. The most that might be said is that the Jackson County Collector would possess authority to waive penalties or interest if that authority were part of the powers otherwise granted to county collectors by state law.[2]
Accordingly, we have reviewed Missouri's statutes governing county collectors and the collection of delinquent taxes in first class charter counties. But we have not found any provisions that authorize the Jackson County Collector to compromise interest and penalties on delinquent taxes. The provisions of Chapter 52, titled "County Collectors," do not give collectors this authority. Furthermore, in general, county collectors have a duty to collect statutorily-imposed penalties; if they fail to collect these penalties on certain delinquent taxes, the director of revenue and county clerk must charge them with interest on the penalties due. Section 139.100.3[3]
The statutory chapter addressing the collection of delinquent taxes in first class counties, Chapter 141, likewise does not give county collectors authority to waive interest or penalties imposed on delinquent taxes. Rather, § 141.020 provides that those laws that permit the compromise of taxes "shown on the back tax book or recorded list of delinquent lands and lots in the collector's office" shall authorize the "compromise of any judgment for taxes" after it has been rendered "and up to that time when the property shall be sold under execution." Such compromise is permitted "as authorized by the same officials and under the same conditions as set forth under existing law for the compromise of taxes." Section 141.020. Section 140.120 permits county commissions to compromise taxes owed under certain circumstances. This provision does not, however, permit county collectors to compromise taxes, penalties, or interest at their discretion. There are other statutory provisions that permit the waiver of penalties under certain circumstances, see e.g., § 137.423, but none that we have identified that give the county collector this authority.
Therefore, we find no authority expressly granted or necessarily implied in state statutes for the Jackson County Collector to waive penalties or interest on delinquent real or personal property taxes.
 CONCLUSION
The Jackson County Collector lacks authority to waive interest or penalties assessed on delinquent real or personal property taxes.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Cf. State ex rel. St. Louis Shipbuilding Steel Co. v. Smith,201 S.W.2d 153 (Mo. 1947); Mo. Att'y Gen. Op. 39 (1952). Smith suggests that an official with authority to sue to collect a tax has authority, by implication, to compromise interest and penalties imposed. We have not addressed the application of that principle in this opinion because it is clear from the Jackson County Charter that the authority to bring suit for delinquent taxes does not reside with the Jackson County Collector.
[2] Because we determine that neither the Jackson County Charter nor Code authorize the Jackson County Collector to waive interest or penalties on delinquent taxes, it is not necessary for us to determine whether any attempt in the Charter or Code to grant such authority to the Jackson County Collector would be valid.
[3] All statutory citations are to RSMo 2000.